UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES MENDY ET AL | CIVIL ACTION |
| VERSUS | NO: 09-7052 |
| ALLSTATE INSURANCE COMPANY | SECTION: J(2) |

## ORDER AND REASONS

Before the Court is Plaintiffs' **Motion to Remand and for Sanction (Rec. Doc. 9)** and Defendant's **Response Memorandum in Opposition (Rec. Doc. 12).**

## PROCEDURAL HISTORY AND BACKGROUND FACTS

In this matter, Plaintiffs claim that their property, located at 11607 Will Taley Road, Bogulusa, Louisiana, was damaged as a result of Hurricane Gustav. After the hurricane, Plaintiffs allegedly notified their property insurer, Allstate Insurance Company ("Allstate" or "Defendant"), of the damage to their property. However, Plaintiffs allege that Allstate, acting in bad faith, failed to pay the full value of their claim.

On September 18, 2009, Plaintiffs filed this suit in the 22nd Judicial District Court of the Parish of Washington, State of Louisiana. On October 27, 2009, Defendant removed this case to the Eastern District of Louisiana. Plaintiffs have therefore filed this motion to remand, claiming that the removal was improper because the amount in controversy has not been met. Plaintiffs also ask this court to sanction Defendant for wrongly

removing this case to federal court.

## THE PARTIES' ARGUMENTS

Plaintiffs claim that the amount in controversy is less than $75,000 because they made an offer of settlement for $75,000 shortly before the matter was removed and because in their complaint, they expressly stated that the amount in controversy is insufficient for federal jurisdiction. Defendant argues that neither one of these acts/statements are sufficient to establish that the amount in controversy does not exceed $75,000.

## DISCUSSION

Defendant, as the proponent of jurisdiction, has to prove by a preponderance of evidence that the amount in controversy exceeds $75,000. Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999). If Defendant does this, Plaintiffs can defeat removal by establishing, with legal certainty, that the claims are for less than $75,000. In this matter, Defendant has proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant points to the amount of recoverable proceeds under the insurance policy and the potential alleged bad faith penalties, all of which are considered for jurisdictional amount purposes. See St. Paul Reins. Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Stonewall Ins. Co. v. Lopez, 544 F.2d 198, 199 (5th Cir. 1976).

Plaintiffs therefore have the burden of proving, with legal

certainty, that their claims are for less than $75,000. However, they have failed to meet this burden. Plaintiffs' only basis for asserting that the jurisdictional amount is less than $75,000 is that they made an offer of settlement for $75,000 shortly before the matter was removed and that in their complaint, they state that the amount in controversy is insufficient for federal jurisdiction. As argued by Defendant, these acts/statements are sufficient to deny this court of jurisdiction. See Davis v. State Farm Fire & Casualty, 2006 WL 15181272 at *2 (E.D. La. Jun., 7, 2006).

On the contrary, had Plaintiffs signed a binding stipulation stating that they would not seek an amount exceeding $75,000, they would have proven, with legal certainty, that their claims were for less than $75,000. Id. However, despite requests by Defendant to get Plaintiffs to sign such an agreement, Plaintiffs declined to do so.

Accordingly, **IT IS ORDERED** that Plaintiffs' request to remand this case is **DENIED**.

Further, having found that Defendant validly removed this case, **IT IS ALSO ORDERED** that Plaintiffs' request for sanctions are **DENIED**.

New Orleans, Louisiana, this 20th day of January, 2010.

_____
United States District Judge

3