UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES MENDY ET AL. | CIVIL ACTION |
| VERSUS | NO. 09-7052 |
| ALLSTATE INSURANCE COMPANY | SECTION "J" (2) |

### ORDER ON MOTION

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to defendant's Motion for Sanctions, Record Doc. No. 34, set for hearing on August 4, 2010 at 11:00 a.m. without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit in part,

**IT IS ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART**, as follows.

This is an action under Louisiana law against defendant, Allstate Indemnity Company,[1] as the property insurer of plaintiff Charles Mendy. Plaintiffs seek damages for Allstate's failure to pay for allegedly covered losses to Mendy's property that were

---

[1] Plaintiff's unopposed motion to amend the complaint was recently granted to correct the name of defendant from Allstate Insurance Company to Allstate Indemnity Company. Record Doc. Nos. 33, 36, 38.

caused by Hurricane Gustav. Although Daryl Lewis is named as a plaintiff, plaintiffs' counsel stated on the record prior to Lewis's deposition that Lewis had no ownership interest in the property, was mistakenly named as a plaintiff and would be dismissed. Defendant's Exh. C, Darryl Lewis deposition at p. 5. Lewis is the contractor who repaired Mendy's property. Defendant's Exh. B, Charles Mendy deposition at p. 61. However, plaintiffs have not dismissed Lewis as a plaintiff in this matter.

Procedurally, plaintiffs gave Allstate their initial disclosures on February 22, 2010. Fed. R. Civ. P. 26(a)(1)(A). On April 29, 2010, Allstate propounded interrogatories and requests for production of documents to plaintiffs. On May 24, 2010, although plaintiffs had not responded to the discovery requests, Allstate deposed both plaintiffs. Neither plaintiff was able to testify at his deposition about the extent of the damages to the property or the costs of the repairs that had been done.

About two weeks later, Allstate filed a motion to compel plaintiffs to respond to its written discovery requests and to a subpoena duces tecum that Allstate had issued for documents to be produced at their depositions. Record Doc. No. 16. Plaintiffs did not oppose the motion. I granted the motion to the extent it sought to compel responses to defendant's interrogatories and requests for production of documents, and denied the motion to the extent it sought to compel responses to the subpoena duces tecum. I ordered plaintiffs to provide their discovery responses to defendant no later than July 14, 2010. Record Doc. No. 19.

Allstate states in the instant motion that plaintiffs have not produced any answers to defendant's interrogatories or responses to the requests for production. In addition, defendant complains that plaintiffs did not comply with this court's scheduling order to file witness and exhibit lists by July 9, 2010. Record Doc. No. 15. Plaintiffs filed their witness and exhibit lists on July 15, 2010. Record Doc. No. 32.

Allstate seeks sanctions under Fed. R. Civ. P. 37(b)(2) for plaintiffs' failure to comply with this court's prior order to respond to defendant's discovery requests no later than July 14, 2010. Allstate also seeks sanctions for plaintiffs' late filing of their witness and exhibit lists.

The discovery deadline in this case is August 9, 2010 and the deadline to hear dispositive motions is August 23, 2010. A final pretrial conference is scheduled for September 9, 2010 with a bench trial set to begin on October 4, 2010.

Allstate seeks several forms of relief. As to the overdue written discovery responses, defendant asks the court to compel plaintiffs to produce their responses within two days of the entry of this order. Defendant also seeks an extension of the discovery deadline so that it can re-depose both plaintiffs after receiving their discovery responses, and asks the court to order plaintiffs to appear for their additional depositions within two days after they produce their written discovery responses.

The motion is denied as to these requests because a different, more stringent sanction is more appropriate. Plaintiffs have already been given ample opportunity and

were subject to an order to provide written discovery responses. They have already been deposed. The discovery deadline is only three business days away, the deadline to hear dispositive motions is less than three weeks away and the final pretrial conference is only six weeks away. Allstate filed a motion for summary judgment two days ago that is noticed for hearing on August 18, 2010. At this late date, it appears vain and useless to order plaintiffs once again to provide discovery responses.

However, the motion is granted to the extent it seeks an order prohibiting plaintiffs from presenting certain evidence as a sanction for their noncompliance with this court's prior order. Fed. R. Civ. P. 37(b)(2)(A)(ii). Accordingly, **IT IS ORDERED** that plaintiffs are prohibited from introducing into evidence, either at trial or in connection with any motion, any information, documents or other tangible materials that have not been produced to Allstate by the current discovery deadline. **IT IS FURTHER ORDERED** that plaintiffs' trial testimony is limited to information about which they testified at their depositions, and they are prohibited from testifying at trial about information that they were unable to provide at their depositions, or otherwise beyond the scope of their deposition testimony, including but not limited to the amount of the claimed damages and the costs of repairs to the insured property.

As to plaintiffs' late-filed witness and exhibit lists, Allstate seeks an order compelling plaintiffs to file their witness and exhibit lists. Because plaintiffs have already done so, this part of defendant's motion is denied as moot.

Defendant's request for sanctions based on the untimeliness of plaintiffs' filing is also denied. A Rule 16 order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In determining "good cause" in connection with a Rule 16 scheduling order of the type that was entered in this case, the court must weigh the following factors: (1) the explanation for the failure to comply, (2) the importance of the matters that are the subject of the order, (3) potential prejudice in allowing the requested action and (4) the availability of a continuance to cure such prejudice. <u>Nunez v. United States Postal Serv.</u>, 298 F. App'x 316, 319 (5th Cir. 2008) (citing <u>Metro Ford Truck Sales, Inc. v. Ford Motor Co.</u>, 145 F.3d 320, 324 (5th Cir. 1998)); <u>Hamburger v. State Farm Mut. Auto. Ins. Co.</u>, 361 F.3d 875, 883 (5th Cir. 2004) (citing <u>Geiserman v. MacDonald</u>, 893 F.2d 787, 791 (5th Cir. 1990)). Although plaintiffs have proffered no reasons for their late filing, the other Rule 16 factors weigh in favor of allowing it. Most importantly, Allstate has not shown that it was prejudiced by the delay of only four business days in receiving plaintiffs' witness and exhibit lists.

The motion is denied without prejudice to the extent it seeks dismissal of Lewis as a plaintiff as a discovery sanction. Dismissal is dispositive relief that a magistrate judge is not authorized to grant in this case, absent the consent of the parties. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b). If plaintiff Lewis fails voluntarily to dismiss his case, as he said he would do in his deposition testimony, a defense motion for summary judgment

based upon that testimony appears to be the appropriate mechanism for obtaining that dismissal.

Finally, the motion is denied to the extent it seeks an order striking Steve Hitchcock from plaintiffs' witness list and excluding him from testifying at trial. In their initial disclosures, plaintiffs named Hitchcock as a potential witness and included his estimate of the repair costs dated April 20, 2009. Defendant's Exh. A, Record Doc. No. 34-4. Thus, defendant has known that Hitchcock is a potential witness for plaintiffs and has had his estimate since February 22, 2010. Although information gleaned during plaintiffs' depositions indicates that Hitchcock's estimate may have been superseded by the cost of the actual repairs, that is a matter that goes to the admissibility or weight of his evidence, if he testifies. Allstate has not shown any prejudice or other reason for precluding Hitchcock from testifying.

New Orleans, Louisiana, this  4th  day of August, 2010.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE