UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES MENDY                                CIVIL ACTION

VERSUS                                       NO: 09-7052

ALLSTATE INDEMNITY COMPANY                   SECTION: "J"(2)

### ORDER

Before the Court is Plaintiff Charles Mendy's **Motion to Reconsider (Rec. Doc. 48)**. It appearing that this motion has merit, as Plaintiff's counsel is in the process of winding down his practice,

**IT IS ORDERED** that Plaintiff's **Motion to Reconsider (Rec. Doc. 48)** is **GRANTED**.

The Court has considered Plaintiff's arguments for disturbing its Order Granting Defendant Allstate Indemnity Company's (Allstate) Motion for Summary Judgment (Rec. Doc. 46). Plaintiff argues that he can meet his burden of proving that Allstate acted in bad faith by showing that (1) Allstate received satisfactory proof of Mendy's losses, (2) Allstate failed to pay some of Mendy's claim or make a settlement offer within the applicable statutory period, *and* (3) Allstate's failure to pay

was arbitrary or capricious. However, in its Motion for Summary Judgment, Allstate explained that Mendy testified during his deposition that his roof damages were caused by Hurricane Gustav, but that he could not recall what interior damage resulted from the storm. During his deposition, Mendy further testified that he could not recall the quote for repairs, but that nonetheless he had hired Daryl Lewis to repair all of the damage and that Lewis had completed the repairs. Allstate also deposed Daryl Lewis, the repairman. Lewis testified that he was unsure about the amount charged to Mendy and that he was not sure which rooms were damaged.

Mendy agreed at his deposition to produce responses to outstanding propounded interrogatories and request for production of documents and the twelve items listed in a subpoena issued to him at the deposition. Mendy never responded. Similarly, Plaintiff's counsel did not respond and did not oppose Allstate's Motion to Compel Plaintiff to respond to all outstanding discovery requests (Rec. Doc. 16).

In addition to Plaintiff's and Plaintiff's counsel's failures to respond to Allstate's requests or produce receipts showing the costs of repairs (including in Plaintiff's most recent pleading), Plaintiff has failed to demonstrate a genuine issue of material fact with respect to Allstate's alleged bad faith. The Fifth Circuit explained that a merely legitimate

dispute between the insured the insurer is not enough to satisfy the bad faith standard. See Kodrin v. State Farm Fire & Cas. Co., 314 Fed. Appx. 671, 679 (5th Cir. 2009).

For the foregoing reasons, **IT IS ORDERED** that the **Defendant's Motion for Summary Judgment (Rec. Doc. 41)** is hereby **GRANTED**.

New Orleans, Louisiana, this 27th day of August, 2010.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE